IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS E. MITTELSTADT,

                Petitioner,

v.

ED WALL, LIZZIE TEGELS,
and TOM MARQUARDT,

                Respondents.

OPINION and ORDER

14-cv-423-jdp

---

Petitioner Douglas E. Mittelstadt has filed this petition for writ of habeas corpus and has paid the $5 filing fee for a habeas action. After considering petitioner's submission, I conclude that he is attempting to combine claims that belong in a habeas corpus action along with civil claims that should be brought under 42 U.S.C. § 1983. I will give petitioner a chance to choose which type of lawsuit he wishes to pursue.

ALLEGATIONS OF FACT

The following facts are drawn from petitioner's habeas petition and electronic court records.

On March 2, 2012, in the Circuit Court for Lincoln County, Wisconsin, petitioner pleaded guilty to two counts of failure to provide child support. The court ordered petitioner to serve four years of probation but withheld entering the sentence. In June 2012, petitioner filed a motion to amend the sentence to a "deferred judgment." On August 14, 2012, the court granted the motion and ordered that entry of the judgment would be deferred for one year on the conditions that petitioner would not commit any criminal offenses and comply with the conditions of his bond. On December 2012, a motion was filed to revoke the deferred entry of judgment (I take this to mean that petitioner breached the terms of the deferred judgment

agreement). On February 6, 2013, the court revoked the deferred judgment, found petitioner guilty of the failure to provide child support counts, and placed him on probation.

Although the record is murky, at either the deferred judgment stage or in conjunction with the February 6, 2013 judgment of conviction, petitioner was given additional "sex offender rules" of probation, apparently as a result of a previous sexual offense that petitioner had committed in North Dakota. On September 9, 2013, petitioner's probation was revoked for failure to comply with the sex offender provisions of his probation. The court sentenced him to 18 months of initial confinement and two years of extended supervision.

Once petitioner arrived to prison, the Program Review Committee placed him in an elevated security level in prison and required him to undertake sex offender treatment. Petitioner was told that the requirement would be removed if he could show that he had completed sex offender treatment in North Dakota, but when North Dakota officials verified petitioner's earlier completion of the treatment, the Wisconsin Department of Corrections did not remove the requirement.

ANALYSIS

Petitioner has submitted his pleading on a 28 U.S.C. § 2254 habeas corpus form, but it is unclear whether he truly wishes to pursue that type of case. I understand him to be bringing claims that his rights to due process and rights against double jeopardy and ex post facto laws were violated by Wisconsin Department of Corrections officials by including "sex offender rules" in both the terms of his probation and in his prison programming, which has harmed him the following ways:

- his probation was revoked for failure to follow the sex offender rules illegally placed on him;

2

- he was placed in an elevated security level in prison and required to undertake sex offender treatment, and the state then reneged on its promise to remove the treatment requirement after petitioner showed that he had completed treatment in North Dakota; and

- once petitioner is placed on extended supervision, he will again have to comply with more onerous probation rules for sex offenders.

The first and third of these claims properly belong in this habeas petition because they challenge the fact of his prison confinement or the conditions of his probation. *See Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (challenges to parole and probation conditions constitute challenges to the fact or duration of confinement and should be brought as petitions for writ of habeas corpus); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (challenges to parole revocation must be brought in habeas action). The second claim, however, does not—it is a challenge to his security level and programming in prison, which is properly brought in a civil rights action under 42 U.S.C. § 1983. *See, e.g.*, *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (potential for § 1983 claim to "avoid[] placement in more restrictive conditions"). Moreover, to the extent that petitioner asks for money damages in this case, that is a remedy that cannot be obtained in a habeas action but can be obtained in a § 1983 action. He cannot pursue both habeas and § 1983 claims in a single lawsuit.

Therefore, I will give petitioner a short time to explain in writing whether he would like to proceed with a habeas corpus action, a civil rights action under § 1983, or both. If he chooses to proceed only with his habeas case, I will dismiss the portion of his petition raising § 1983 claims and proceed to review his petition under Rule 4 of the Rules Governing Section 2254 Cases.

If petitioner chooses to proceed only with his § 1983 claims, he will need to submit a new civil complaint. Petitioner names DOC Secretary Ed Wall, Warden Lizzie Tegels, and Tom Marquardt as defendants, but it is unclear from petitioner's allegations what these individuals

3

did to violate his rights. Only a defendant who is *personally responsible* for depriving the petitioner of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). Therefore, if petitioner wants to proceed on his § 1983 claims, he will have to file an amended complaint that explains who made the decisions to place him in higher security, require that he take sex offender treatment, and reject North Dakota's verification of his completion of treatment. The people he names should be listed as the defendants in the complaint.

Petitioner will also have to submit the remainder of the filing fee due for a § 1983 action ($395) or, if he cannot afford the filing fee, a motion to proceed *in forma pauperis* along with a six-month prison trust fund account statement for the period running approximately from December 9, 2013 to June 9, 2014.

If petitioner chooses to proceed with both a habeas action and a § 1983 action, he should, as outlined above, submit a separate amended complaint detailing his § 1983 claims along with the filing fee or a motion to proceed *in forma pauperis* and trust fund account statement. I will open the § 1983 action under a new case number and both cases will proceed separately.

ORDER

IT IS ORDERED that petitioner Douglas E. Mittelstadt has until November 20, 2014 to respond to this opinion as discussed above. Should petitioner fail to file a response by this date, I will dismiss the case for his failure to prosecute it.

Entered this 30th day of October, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge