IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS E. MITTELSTADT,

                         Petitioner,

       v.

ED WALL, LIZZIE TEGELS,
and TOM MARQUARDT,

                         Respondents.

OPINION & ORDER

14-cv-423-jdp

---

In this case, petitioner Douglas E. Mittelstadt brings claims that his rights to due process and rights against double jeopardy and ex post facto laws were violated by Wisconsin Department of Corrections officials by including "sex offender rules" in the terms of his probation and in his prison programming. Petitioner styled his pleading as a petition for writ of habeas corpus. In an earlier order, I noted that his claim about his prison programming belonged in a civil rights action under 42 U.S.C. § 1983, and I gave petitioner a chance to explain whether he wanted to proceed with a habeas corpus action, a civil rights action under § 1983, or both. Dkt. 4, at 3-4.

Petitioner has responded that he would like to proceed with this case as a habeas action and he would not like to open a separate § 1983 action. Accordingly, I will disregard his claim about prison programming and proceed to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In reviewing this *pro se* petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing petitioner's submissions and relevant court records, I conclude that the case must be dismissed because petitioner has failed to exhaust his state court remedies.

ALLEGATIONS OF FACT

The following facts are drawn from the habeas petition and electronic court records.

On March 2, 2012, in the Circuit Court for Lincoln County, Wisconsin, petitioner pleaded guilty to two counts of failure to provide child support. The court ordered petitioner to serve four years of probation but withheld entering the sentence. In June 2012, petitioner filed a motion to amend the sentence to a "deferred judgment." On August 14, 2012, the court granted the motion and ordered that entry of the judgment would be deferred for one year on the conditions that petitioner would not commit any criminal offenses and comply with the conditions of his bond. On December 2012, a motion was filed to revoke the deferred entry of judgment, which I take to mean that petitioner breached the terms of the deferred judgment agreement. On February 6, 2013, the court revoked the deferred judgment, found petitioner guilty of the failure to provide child support counts, and placed him on probation.

Although the record is murky, at either the deferred judgment stage or in conjunction with the February 6, 2013 judgment of conviction, petitioner was given additional "sex offender rules" of probation, apparently as a result of a previous sex offense that petitioner had committed in North Dakota. Petitioner states that "he was informed DOC policy required [him] to 'sign' 'sex offender' rules, but because [his] charge was not related those would not be enforced." Dkt. 1, at 6. However, on September 9, 2013, petitioner's probation was revoked for failure to comply with the sex offender provisions of his probation. The court sentenced him to 18 months of initial confinement and two years of extended supervision.

Once petitioner arrived at prison, he was told that the sex offender treatment requirement would be removed if he could show that he had completed treatment in North

2

Dakota, but after North Dakota officials verified petitioner's earlier completion of the treatment, the Wisconsin Department of Corrections did not remove the requirement. Petitioner is currently serving the extended supervision part of his sentence, and he is still subject to the sex offender conditions.

ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

I understand petitioner to be seeking removal of the sex offender treatment conditions of his probation. Although petitioner suggests that he has submitted administrative grievances about the sex offender treatment conditions, he makes clear that he has not raised this issue in the state courts.

As a prerequisite to federal review, a federal habeas corpus petitioner must first exhaust his state remedies by fairly presenting his claims through one full round of state-court review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *See Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007).

In Wisconsin, "general rules of supervision" imposed by the Department of Corrections must be reviewed through the DOC's administrative procedures and then by the state court via writ of certiorari. *Taylor v. Linse*, 161 Wis. 2d 719, 724, 469 N.W.2d 201, 203 (Ct. App. 1991); *see also Hardy v. Dep't of Prob.*, No. 07-C-004-C, 2007 WL 1115269, at *3

3

(W.D. Wis. Apr. 11, 2007). "Special rules" of supervision set by the DOC and court-ordered conditions may be challenged in state court directly through a motion to modify the conditions. Wis. Stat. § 973.09(3)(a); *see also Taylor*, 469 N.W.2d at 203. Petitioner's habeas petition does not contain enough detail to show which avenue is correct for the conditions at issue in this case, but either way, he has a state court remedy available to him that must be exhausted before he can pursue habeas relief in this court. Therefore I will dismiss the petition without prejudice.

Petitioner has also filed a request for temporary restraining order, which I understand to be a request for an order enjoining the state from imposing the sex offender conditions against him. Because I am dismissing the case, petitioner's motion will be denied as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). I decline to issue a certificate because no reasonable jurist would debate the question of exhaustion this case presents.

ORDER

IT IS ORDERED that:

1.   The petition for writ of habeas corpus filed by petitioner Douglas E. Mittelstadt is DISMISSED without prejudice.

2.      Petitioner's motion for a temporary restraining order, Dkt. 6, is DENIED as moot.

3.      Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered September 14, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge